IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JENNIFER HURLBERT** | § | **PLAINTIFF** |
| | § | |
| v. | § Civil Action No.1:11CV158HSO-JMR | |
| | § | |
| **STATE FARM MUTUAL** | § | **DEFENDANT** |
| **AUTOMOBILE INSURANCE CO.** | § | |

### ORDER REMANDING CIVIL ACTION TO THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI

THIS MATTER COMES BEFORE THE COURT on Plaintiff's Motion to Remand filed April 28, 2011 [6-1], in the above captioned cause. Defendant filed a Response on May 4, 2011 [10-1], which states in part that it: "confesses Plaintiff's Motion to Remand contingent upon Plaintiff not seeking more than $75,000.00, as set out in her Motion to Remand." Def.'s Resp. to Mot. to Remand at p. 2.

Removal jurisdiction over an action is judged by looking to the claims in the state court complaint at the time of removal. *Manguno v. Prudential Property & Casualty Co.,* 276 F.3d 720, 723 (5th Cir. 2002). "A defendant who removes a case to federal court 'bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.00.'" *Thrash v. New England Mut. Life Ins. Co.,* 534 F. Supp. 2d 691, 693 (S.D. Miss. 2008)(quoting *Garcia v. Koch Oil Co. of Texas, Inc.,* 351 F.3d 636, 638 (5th Cir. 2003)).

Plaintiff's Complaint demonstrates that Defendant's alleged contractual obligation in this case is $15,000.00. ¶¶ 12, 15, 17, 20. In her Motion to Remand, Plaintiff states that she "agrees to limit State Farm's obligation to pay to

$75,000.00, in the event this matter cannot otherwise be resolved and excess damages are awarded." Mot. to Remand at p. 2.

After review of the instant Motion, Defendant's Response, the pleadings on file, and the relevant legal authorities, it is clear that Plaintiff has asserted on the record that the amount in controversy is, in fact, less than $75,000.00. *Riddle v. Fred's, Inc., Store #2410,* 2007 WL 1031306, *1 (N.D. Miss. 2007). The Court finds subject matter jurisdiction is lacking in this case and as such, the above captioned cause should be remanded to the state court. Plaintiff has bound herself to less than $75,000.00 in damages, and if, upon remand, she attempts to recover more than $75,000, this case may again be subject to removal. *Id.*

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand filed April 28, 2011 [6-1], should be and hereby is **GRANTED**. The above captioned cause is hereby remanded to the County Court of Harrison County, First Judicial District, pursuant to 28 U.S.C. § 1447(c), and a certified copy of this Order of Remand shall be immediately mailed by the Clerk to the clerk of the state court.

**SO ORDERED AND ADJUDGED**, this the 19th day of May, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE